In the Matter of Ronald S.
GOLDBERG, Respondent.

No. M–117–82

District of Columbia Court of Appeals.

Argued Dec. 7, 1982.

Decided March 30, 1983.

Edwin Yourman, Deputy Bar Counsel, Washington, D.C., with whom Fred Grabowsky, Bar Counsel, Washington, D.C., was on the brief, for the Board on Professional Responsibility.

Neil Edward Axel, Rockville, Md., for respondent.

Before NEWMAN, Chief Judge, and KELLY and TERRY, Associate Judges.

Opinion PER CURIAM.

PER CURIAM:

 We are called upon in this case to resolve an apparent ambiguity between two provisions of our Rules Governing the Bar. Rule XI, § 19(3) provides in part:

> Except as provided in §§ 15 and 18 of this Rule, orders imposing disbarment or suspension shall be effective 30 days after entry.

Rule XI, § 18 deals generally with the subject of reciprocal discipline, but it says nothing about an effective date for reciprocal disciplinary sanctions. Applying accepted principles of statutory construction, we hold that section 19(3) does not apply to reciprocal suspensions, and that this court therefore has discretion to order that a reciprocal suspension be made to run concurrently with the suspension in another jurisdiction on which it is based.

**1.** DR 9–102 has been recodified in the District

I

Maryland Bar Counsel charged respondent with sixteen violations of Disciplinary Rules 6–101(A)(3) (neglect of an entrusted legal matter), 7–101(A)(1)–(3) (failure to represent a client zealously), and 9–102(B)(3)–(4) (failure to maintain identity of funds and property of a client).[1] The Maryland trial court concluded that respondent had not knowingly violated the Code of Professional Responsibility but that the improper activities which had occurred in his law office had been attributable to his former secretary, Sandra Ofterdinger. The court further found that respondent had not been aware of any of Mrs. Ofterdinger's activities until after she left his employ.

Mrs. Ofterdinger's responsibilities had included the preparation of pleadings from respondent's dictation, the calendaring and filing of cases, the maintenance of financial records, and the disbursement of funds from both the office bank account and the clients' trust account. The court found that when Mrs. Ofterdinger had fallen behind in her work, she took steps to cover her backlog such as removing files, not calendaring matters that required attention, and intercepting telephone calls, letters, and messages to respondent which referred to the work that had not been done. The court also noted that Mrs. Ofterdinger had apparently drawn unauthorized checks and had deposited some checks from clients in the wrong bank accounts. As a result, respondent failed to file several suits that he had been retained to file, and also failed to remedy the overdrawn status of his clients' accounts for several months.

The Maryland Court of Appeals reversed the trial court's conclusion that respondent had not violated the Maryland Code of Professional Responsibility. The court held that respondent had violated DR 6–101(A)(3) by failing to supervise his employees adequately and suspended him from the practice of law in Maryland for thirty days, beginning March 25, 1982. *Attorney Griev-*

of Columbia as DR 9–103.

*ance Comm'n v. Goldberg,* 292 Md. 650, 441 A.2d 338 (1982).

Following a telephone conversation on March 25, 1982, with Deputy Bar Counsel, respondent's attorney wrote to the Executive Attorney of the Board on Professional Responsibility on March 29. In his letter the attorney set forth some of the background details of the Maryland proceeding and requested that they be brought to the attention of the Board, "with the hope that they will consider these factors as well as the other information which they have in their possession."[2] On April 12 the Board recommended that respondent be suspended from the practice of law in the District of Columbia for thirty days. Respondent timely filed exceptions to the Board's report and recommendation.

## II

■ The imposition of reciprocal discipline is governed by Rule XI, § 18 of this court's Rules Governing the Bar. Subsection 5 of section 18 provides in pertinent part:

[T]his court shall impose the *identical* discipline *unless* Bar Counsel or the attorney demonstrates, or the Court finds upon the face of the record upon which the discipline is predicated, that clearly:

(a) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(b) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject; or

(c) The imposition of the same discipline by the Court would result in grave injustice; or

(d) The misconduct established warrants substantially different discipline in this jurisdiction; or

(e) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

If this court determines that any of those elements exists, the Court shall enter such order as it deems appropriate, including referral of the matter to the Board for its further consideration and recommendation. [Emphasis added.]

Neither respondent nor Bar Counsel contends that any of the exceptions listed in section 18(5) apply here, and we do not find any of these elements upon the face of the record of the Maryland proceedings. Thus section 18(5) requires us to impose the "identical" discipline upon respondent that was ordered in Maryland, *i.e.,* a thirty-day suspension.

## III

The principal issue in this case, a matter of first impression in the District of Columbia,[3] is whether respondent's suspension may be made retroactive so as to run concurrently with that imposed by the Maryland court. Rule XI, § 19(3) was amended in 1978 so as to require that disbarment and suspension orders take effect thirty days after entry "[e]xcept as provided in §§ 15 and 18 of this Rule...."[4] On its face this exception seems to suggest that section 19(3) is not applicable at all to reciprocal suspensions under section 18. Bar Counsel, however, argues that the exception in section 19(3) refers only to certain language in section 18 which provides for an automatic

---

**2.** The Board had already received, on March 11, a copy of the Maryland Court of Appeals decision, and on March 17 this court had requested that the Board recommend whether reciprocal discipline should be imposed on respondent in the District of Columbia.

**3.** We have found one other case in which a reciprocal suspension was ordered to run concurrently with a suspension in another jurisdic-

tion. *In re Leventhal,* No. S–49–77 (D.C. Sept. 22, 1977). That case, however, did not arise under the present rule and did not require us to consider the effect of the 1978 amendment to section 19(3).

**4.** Section 15 deals with attorneys who have been found guilty of felonies and certain other "serious crimes." It has no application to this case.

stay of a disciplinary order in the District of Columbia when there has been a stay in the original jurisdiction. We cannot agree with such a limited reading of the rule.

■■■ This court has repeatedly held that it has a "duty to make 'every effort' to reconcile allegedly conflicting statutes and to give effect to the language and intent of both, as long as doing so does not deprive one of the statutes of its essential meaning." *District of Columbia v. Smith,* 329 A.2d 128, 130 (D.C.1974) (citation omitted); *accord, e.g., United States v. Hamilton,* 390 A.2d 449, 452 (D.C.1978); *see In re T.L.J.,* 413 A.2d 154, 158 (D.C.1980); *Wilderness Society v. Morton,* 156 U.S.App.D.C. 121, 160, 479 F.2d 842, 881, *cert. denied,* 411 U.S. 917, 93 S.Ct. 1550, 36 L.Ed.2d 309 (1973); 2A SUTHERLAND, STATUTES AND STATUTORY · CONSTRUCTION § 46.06 (4th ed. 1973).[5] Although there is not, strictly speaking, a conflict between sections 18 and 19(3) of Rule XI, we would be creating one if we accepted Bar Counsel's argument, for we would be making it impossible to impose the "identical" discipline that section 18(5) requires. We do not consider imposing reciprocal discipline upon an attorney until after another jurisdiction has issued a disciplinary order. *See* Rule XI, § 18(1) of our Rules Governing the Bar. Thus, if our reciprocal disciplinary order became effective thirty days after entry, we could never order that it run during the same time period as in the state where the misconduct occurred unless the court in that jurisdiction stayed its own order. Indeed, in many cases, especially those involving short suspensions, the suspension periods in the two jurisdictions would never even intersect. Such a result would tend to increase the punishment far beyond that intended by the original state and far beyond the degree of discipline warranted.

This is not to say, of course, that reciprocal suspensions must always be concurrent.

There may be situations, for example, in which a concurrent suspension "would result in grave injustice," Rule XI, § 18(5)(c), or the circumstances of the case call for "substantially different discipline in this jurisdiction," Rule XI, § 18(5)(d). Nevertheless, we anticipate that concurrency will be the norm. Whether a particular suspension should be concurrent will depend to a considerable extent on the actions of the attorney involved. If the attorney "promptly" notifies Bar Counsel of any professional disciplinary action in another jurisdiction, as he or she is required to do under Rule XI, § 18(1), and if the attorney voluntarily refrains from practicing law in the District of Columbia during the period of suspension in the original jurisdiction, then there will probably be no reason to aggravate the discipline by making the District of Columbia suspension wholly or partially consecutive to that imposed elsewhere. On the other hand, if the attorney unreasonably delays in notifying Bar Counsel that he or she has been disciplined in another state, or if the attorney engages in the practice of law in the District of Columbia while suspended elsewhere, then a more severe sanction may be justified. These and other pertinent circumstances should be taken into account by the Board on Professional Responsibility in making its recommendation to this court in any reciprocal suspension proceeding.

### IV

■■■ There remains the question of the sanction to be imposed in this particular case. Respondent met his obligation under Rule XI, § 18(1), of notifying Bar Counsel "promptly" of the Maryland proceedings. He has also represented to this court in his brief that he voluntarily refrained from practicing in the District of Columbia during the period of his Maryland suspension;

---

5. Although we are here dealing with a rule of court rather than a statute, general principles of statutory construction are "commonly used" in interpreting court rules. *See* 3 SUTHERLAND, STATUTES AND STATUTORY CONSTRUCTION § 67.10 (4th ed. 1974); *cf. Tenants Council of Tiber Island-Carrollsburg Square v. District of Columbia Rental Accommodations Comm'n,* 426 A.2d 868, 874 (D.C.1981) (construing administrative regulations).

however, there was no evidence on this point before the Board on Professional Responsibility. Since we cannot base our decision on factual representations of counsel which are unsupported by record evidence, *Cobb v. Standard Drug Co.*, 453 A.2d 110, 111–112 (D.C.1982), we remand the record to the Board for factual findings on this question. We retain jurisdiction of the case. On remand the Board may also consider any other evidence bearing on the question of whether the suspension should be concurrent or consecutive, keeping in mind the guidelines we have set forth in this opinion. When the remand proceedings have been concluded, the record shall be returned to this court for the entry of a final order.

*Record remanded.*

KELLY, Associate Judge, concurring in part and dissenting in part:

I concur in all but Part IV of the majority opinion. As I read the record, there is no dispute that respondent did not practice law in the District of Columbia during the period of his suspension. To have done so, he says, citing Md.Ann.Code Art. 10, § 1 (1957) and 61 Op.Atty.Gen. 43 (1976), would have been a violation of the Maryland order. Bar counsel argues only that since respondent's name remained on the active roll of our Bar during the suspension, he was "eligible for all privileges and subject to all liabilities attendant to that status," and that a "voluntary withdrawal from practice cannot be equated with the imposition of professional discipline." These arguments are unpersuasive. I see no reason to remand. It is appropriate under these circumstances to suspend respondent from the practice of law in the District of Columbia for a thirty-day period *nunc pro tunc* to run concurrently with his Maryland suspension.[1]

1. I note in passing that as a result of show cause orders, the United States District Court for the District of Maryland declined to impose additional discipline, and the United States

Court of Appeals for the Fourth Circuit ordered a concurrent thirty-day suspension *nunc pro tunc.*