**In the Matter of John Howell SINCLAIR, Respondent.**

No. 85–810.

District of Columbia Court of Appeals.

Submitted March 21, 1986.

Decided March 24, 1986 *.

Before PRYOR, Chief Judge, and TERRY and STEADMAN, Associate Judges.

ON REVIEW OF A REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

PER CURIAM:

Attorney John Howell Sinclair, a member of the D.C. and Maryland bars, has been suspended from practicing law in Maryland for one year. The District of Columbia Board on Professional Responsibility recommends that reciprocal discipline be imposed, and that Sinclair be suspended from practicing in the District for one year. We adopt the Board's recommendation.

The Maryland Court of Appeals suspended Sinclair for one year, effective May 8, 1985, for neglecting a case and intentionally prejudicing his client. *Attorney Grievance Commission of Maryland v. Sinclair*, 302 Md. 581, 490 A.2d 236 (1985).[1] We are obligated to impose an identical sanction unless it is clear that:

(a) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(b) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject; or

(c) The imposition of the same discipline by the Court would result in grave injustice; or

(d) The misconduct established warrants substantially different discipline in this jurisdiction; or

---

* This case was originally decided by Memorandum Opinion and Judgment dated March 24, 1986. It is being published pursuant to this court's order granting the motion of the Board for publication.

1. The Maryland court found that Sinclair violated DR 6–101(A)(2) (handling a matter without adequate preparation), DR 6–101(A)(3) (neglect of a legal matter entrusted to him), DR 7–101(A)(1) (intentional failure to seek the legal objectives of the client), DR 7–101 (A)(2) (intentional failure to carry out employment contract) and DR 7–101(A)(3) (intentionally prejudicing the client). 490 A.2d at 240–41. The court noted that Sinclair had been reprimanded on two other occasions for neglecting cases. 490 A.2d at 241.

(e) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

D.C. Bar R. XI § 18(5).

Neither Bar Counsel nor Sinclair[2] argue that any of these defects are present in this case, and we do not find any of these problems apparent on the record of the Maryland proceedings. Thus we are required to impose the identical sanction that was ordered in Maryland—a one-year suspension from the practice of law. The only question presented is whether the District's one-year suspension should be made retroactive to run concurrently with the Maryland suspension, or whether it should begin 30 days after entry of this order. *See In re Goldberg,* 460 A.2d 982, 984–85 (D.C. 1983).

 Whether a reciprocal suspension should be retroactive depends to a large extent on the actions of the attorney involved. If the attorney voluntarily refrains from practicing law in the District during the suspension period, there will probably be no reason to aggravate the discipline by imposing a District suspension completely or partially consecutive to the original suspension. *In re Goldberg, supra,* 460 A.2d at 985. In its final report recommending reciprocal discipline, the Board on Professional Responsibility ordered Sinclair to file an affidavit within 10 days stating whether he had "practiced law in the District of Columbia since the effective date of his Maryland suspension, and whether he intends to practice law in the District of Columbia during the remainder of the suspension." The Board stated that:

> If (Sinclair) avers that he had not practiced law in the District of Columbia since the effective date of his Maryland suspension and avers that he will not do so for the duration of such suspension and Bar Counsel does not express a de-

sire to contest such averments, then it is the present intention of the Board to recommend that (Sinclair's) suspension be imposed *nunc pro tunc* to run concurrently with (Sinclair's) Maryland suspension.

The Board further stated:

> If (Sinclair) fails to file such an affidavit, the Board will recommend that (Sinclair's) District of Columbia suspension be imposed prospectively.

 Sinclair did not file any affidavit in response to the Board's order. This court ordered Sinclair to show cause why reciprocal discipline should not be imposed as recommended, but Sinclair did not respond. Under these circumstances, we adopt the Board's recommendation that Sinclair be suspended from practice for one year, effective 30 days from the entry of this order.

*So ordered.*

---

**2.** Sinclair wrote to the Board on Professional Responsibility and argued that reciprocal discipline should not be imposed because it would "result in grave injustice" and because the misconduct established in Maryland "warrants substantially different discipline" in the District.

Sinclair requested and was granted 20 additional days to file a brief with the Board supporting his arguments. Sinclair never filed a brief with the Board, and he has not filed any brief in this court objecting to the Board's final report recommending reciprocal discipline.