In re Phillip J. GUENZER, Respondent,

A Member of the Bar of the District of Columbia Court of Appeals.

No. 91–208.

District of Columbia Court of Appeals.

Submitted Jan. 14, 1992.
Decided Jan. 24, 1992.

Before FERREN and FARRELL, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM:

In this reciprocal discipline proceeding, the Board on Professional Responsibility has recommended that respondent be disbarred retroactively to December 3, 1990. Bar Counsel supports the Board's recommendation, and respondent has filed no submission with the court. For the reasons stated by the Board in its Report and Recommendation, appended hereto, it is

ORDERED that Phillip J. Guenzer be and hereby is disbarred from the practice of law in the District of Columbia effective, retroactively, to December 3, 1990.

*So ordered.*

## APPENDIX

### REPORT AND RECOMMENDATION

This matter is before the Board on Professional Responsibility pursuant to an Order of the District of Columbia Court of Appeals suspending Respondent and directing the Board to determine whether reciprocal discipline should be imposed.

Respondent was disbarred by the Maryland Court of Appeals on December 3, 1990, for 7 client related matters and for his failure to file federal and state income tax returns over a 4 year period. The client related matters include one case in which Respondent neglected his client's personal injury case by allowing the statute of limitations to run without filing suit and by failing to associate himself with a Delaware attorney (Respondent was not a member of the Delaware bar). In 5 separate matters, Respondent collected excessive fees in Social Security Administration matters, either by charging fees directly to the clients which, separately or together with fees awarded by the Social Security Administration, exceeded the amount the Social Security Administration had approved or, in several cases, by withholding fees from Social Security payments to his clients without his clients' authorization or the approval of the Social Security Administration. As a result of those cases, Respondent was prohibited from practicing before the Social Security Administration. In the seventh case, a worker's compensation matter, Respondent neglected the case by failing to live up to an agreement to protect a lien on his client's recovery asserted by the worker's compensation insurance carrier.

With respect to the tax matters, Respondent simply failed to file federal and state income tax returns for the years 1982 through 1986 and he failed to withhold and pay the required social security and unemployment taxes with regard to payroll at his law firm.

The Maryland Court of Appeals concluded that the facts had been proven in the trial court, that Respondent's conduct involved misappropriation, neglect, failure to represent a client zealously, failure to disclose facts related to the case on numerous occasions, and "other incidents of an unethical and unprofessional behavior". The Court also concluded that Respondent's conduct involved moral turpitude with "no compelling evidence of extenuating circumstances to excuse the behavior."

Under Rule XI, Section 11(c), reciprocal discipline is to be imposed unless the Respondent demonstrates by clear and convincing evidence that (1) the procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (2) there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not consistently with its duty, accept as final the conclusion on that subject; (3) the imposition the same discipline by the Court would result in grave injustice; (4) the misconduct established warrants substantially different discipline in the District of Columbia; or (5) the misconduct elsewhere does not constitute misconduct in the District of Columbia.

Bar Counsel urges that none of these exceptions apply in this case and that reciprocal discipline of disbarment should be ordered. Respondent has not opposed the entry of an Order of reciprocal discipline.

We agree with Bar Counsel and believe that reciprocal discipline is appropriate. Although several of the acts for which Respondent was disciplined would not, standing alone, justify disbarment, Respondent engaged in several incidents of intentional misappropriation. Those acts, either standing by themselves or coupled with the other misconduct, clearly warrant disbarment. *See In re Addams,* 579 A.2d 190 (D.C.1990) (*en banc*). Accordingly, the Board recommends that Respondent be dis-

barred and his disbarment be retroactive to December 3, 1990.[1]

BOARD ON PROFESSIONAL RESPONSIBILITY

By: /s/ Jeffrey Freund
    Jeffrey Freund

Date: July 8, 1991

All members of the Board concur in this Report and Recommendation except Mr. Cohen, Ms. Kaiser, and Mr. Wiliams, who did not participate.

1. As is the usual practice, the Executive Attorney inquired of Respondent as to whether he had in fact refrained from practicing law in the District of Columbia since the date of his Maryland disbarment. *See In re Goldberg,* 460 A.2d 982 (D.C.1983). Respondent submitted an affidavit reciting he has not practiced law in the District of Columbia since the Maryland discipline, which he states was effective December 3, 1991. His recitation of the date December 3, 1991 appears to us to be an obvious typographical error as it is not yet December 3, 1991. In fact, the Maryland discipline was imposed December 3, 1990. We believe it is reasonable to treat Respondent's affidavit as reciting that he has not practiced law since December 3, 1990 and, on this basis, we recommended that his disbarment be retroactive to that date.