**In the Matter of Diane HENSLEY-MARTIN, Respondent, A Member of the Bar of the District of Columbia.**

No. 91–205.

District of Columbia Court of Appeals.

Submitted Feb. 11, 1992.
Decided Feb. 28, 1992.

Before FERREN, STEADMAN and SCHWELB, Associate Judges.

PER CURIAM:

This reciprocal discipline proceeding stems from respondent's two-year suspension from the practice of law, requiring proof of fitness before reinstatement, by order of the Supreme Court of Colorado. The facts of the disciplinary violations underlying that suspension[1] are set forth in the opinion. *People v. Hensley–Martin,* 795 P.2d 262 (Colo.1990).

Pursuant to D.C.Bar R. XI, § 11, our Board on Professional Responsibility has unanimously recommended that this same reciprocal discipline be imposed in the District of Columbia, *nunc pro tunc* to the commencement of her suspension in Colorado on July 16, 1990.[2] Respondent did not oppose such an action either before the Board or before us.

It is therefore ORDERED that respondent be suspended from the practice of law in the District of Columbia for a period of two years, *nunc pro tunc* to July 16, 1990, and until she shall have been reinstated to practice in the District of Columbia pursuant to D.C.Bar R. XI, § 16(d).

*So ordered.*

---

1. The misconduct involved violations, in some cases multiple, of eleven disciplinary rules, all but one of which (DR 1–102(A)(6)) are the same in both Colorado and the District of Columbia. DR 9–102(B)(4) in Colorado is numbered DR 9–103(B)(4) in the District. C.R.C.P. 241.6 in Colorado is equivalent to DR 1–102(A)(5) in the District.

    Upon receipt of notice of respondent's suspension in Colorado, pursuant to D.C.Bar R. XI, § 11(d) we entered an order of suspension from the practice of law in the District of Columbia pending final disposition of the instant proceeding.

2. Respondent submitted to the Board a letter, which she requested to be considered as her affidavit, stating that she has never practiced in the District and did not intend to practice in any jurisdiction during her Colorado suspension. *See In re Goldberg,* 460 A.2d 982 (D.C.1983). We take no position here with respect to the effect of D.C.Bar R. XI, §§ 14, 16(c) upon the timing of respondent's eligibility for reinstatement. *See In re Mulkeen,* No. 91–202, 1992 WL 39945 (D.C. February 25, 1992) (per curiam).