In re: Donald Gray ZERWER, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 94–BG–20.

District of Columbia Court of Appeals.

Submitted June 11, 1997.

Decided July 3, 1997.

Before TERRY, KING and REID, Associate Judges.

PER CURIAM.

In this reciprocal discipline proceeding, the Board on Professional Responsibility recommends that Donald Gray Zerwer be suspended for one year from the practice of law in the District of Columbia based on misconduct resulting from his association with a disbarred attorney. We adopt the recommendation of the Board. *See* D.C. Bar R. XI, § 9(g)(1) (1997) (requiring this court to "adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted").

The Illinois Supreme Court issued an order, effective November 22, 1993, suspending for one year the license of the respondent because he engaged in conduct prejudicial to the administration of justice, in violation of Rule 1–102(a)(5) of the Illinois Code of Professional Responsibility ("Code"); aided a nonlawyer in the unauthorized practice of law, in violation of Rule 3–101(a) of the Code; shared legal fees with a nonlawyer, in violation of Rule 3–102(a) of the Code; and engaged in conduct which tends to defeat the administration of justice and brings the courts or the legal profession into disrepute, in violation of Illinois Supreme Court Rule 771. The Illinois Supreme Court found that respondent engaged in misconduct when he associated himself professionally with Jerome Ruther, Esq., who was disbarred because of a federal criminal conviction arising out of a scheme to defraud an insurance company.

Upon receipt of notice of Illinois's disciplinary action, and pursuant to D.C. Bar R. XI, § 11(d), this court issued an order on February 17, 1994, suspending the respondent from the practice of law in this jurisdiction pending final disposition of the proceeding against him. The respondent has not responded to the show cause order issued at the time he was temporarily suspended under D.C. Bar R. XI, § 11(d), and he has not objected under D.C. Bar R. XI, § 11(c) to this court's imposition of reciprocal discipline, and no such reasons for objection appear on the face of the Illinois ruling. Thus, we order that Donald Gray Zerwer be suspended from the practice of law in the District of Columbia for one year *nunc pro tunc*[1] to

---

1. Since respondent submitted an affidavit that avers that he has not practiced law in the District of Columbia during the period of his Illinois suspension, pursuant to *In re Goldberg,* 460 A.2d 982 (D.C.1983), and complies with the provisions of D.C. Bar R. XI, § 14(g), he is eligible for *nunc*

November 22, 1993, the date of his suspension in Illinois. *See* D.C.Code Bar R. XI, §§ 14(f) and 16(c). Copies of the order of suspension giving the respondent notice of the provisions of Rule XI, §§ 14 and 16, which set forth certain rights and responsibilities of disbarred attorneys, will be transmitted to the Chairman of the Board on Professional Responsibility, and to the respondent.

*So ordered.*

---

*pro tunc* consideration to the date of his Illinois suspension.