**In re Vincent D. PARAGANO, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–651.**

District of Columbia Court of Appeals.

Decided March 30, 2000.

Before SCHWELB and WASHINGTON, Associate Judges, and KERN, Senior Judge.

PER CURIAM.

Between 1988 and April 1990, respondent Vincent D. Paragano, a member of our Bar, wrote numerous checks from his law firm's business account for personal expenses, without his partner's authorization. He spent a total of $83,954 of law firm funds on personal expenses, and then mischaracterized the disbursements in the firm's records in order to conceal his actions. The arbitrator in a civil action filed by respondent's former partner found that respondent intended to defraud both his partner and the Internal Revenue Service, and awarded the former partner compensatory damages, punitive damages, interest, and accountants' fees.

Respondent stipulated to this misconduct in a disciplinary action instituted in New Jersey. On March 23, 1999, the Supreme Court of New Jersey suspended respondent for six months beginning on April 19, 1999. *In re Paragano,* 157 N.J. 628, 725 A.2d 1117 (1999). The New Jersey court found that respondent's stipulation established that he mischaracterized personal disbursements as law firm expenses, but did not establish that he stole funds from the law firm. In mitigation, the New Jersey court cited respondent's relative youth and inexperience at the time of his misconduct, the passage of more

than seven years since the misconduct, and respondent's history of community service. The New Jersey court reinstated respondent on October 20, 1999. *In re Paragano,* 162 N.J. 29, 738 A.2d 955 (1999).

Respondent promptly notified this court of his suspension in New Jersey. This court temporarily suspended respondent on June 1, 1999, pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board"). The Board found that respondent's conduct also violates the District of Columbia Rules of Professional Conduct, and has recommended identical reciprocal discipline of a six-month suspension. The Board further recommends that this suspension be imposed *nunc pro tunc* to April 19, 1999, the date respondent began his suspension in New Jersey. *See In re Goldberg,* 460 A.2d 982, 984–85 (D.C. 1983).[1]

Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation. Respondent has not filed any opposition to the Board's report and recommendation. Given our limited scope of review and the presumption in favor of identical reciprocal discipline, we adopt the Board's recommendation. *See In re Goldsborough,* 654 A.2d 1285 (D.C.1995); *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992). Accordingly, it is

ORDERED that Vincent D. Paragano be suspended from the practice of law in the District of Columbia for the period of six months. This suspension is ordered *nunc pro tunc* to April 19, 1999, the effective date of respondent's New Jersey suspension. The interim suspension ordered by this court on June 1, 1999, is hereby lifted.

*So ordered.*

---

1. Respondent has indicated via affidavit that he abstained from practicing law in the District of Columbia during the time he was suspended by the Supreme Court of New Jersey. He has also fully complied with the requirements of D.C. Bar R. XI, § 14.