**In re Gregory John SCHWARTZ, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 01–BG–1000.

District of Columbia Court of Appeals.

July 3, 2002.

Before FARRELL and WASHINGTON, Associate Judges, and KING, Senior Judge.

PER CURIAM:

On July 19, 2001, the Court of Appeals of Maryland suspended respondent Gregory John Schwartz for eighteen months, stayed all but sixty days of the suspension, and ordered respondent to pay costs in the amount of $959.25. The suspension was based on a joint petition for suspension by consent in which respondent acknowledged that he was facing disciplinary charges for allegedly depositing personal funds into his trust account, and in bad faith filing and voluntarily dismissing multiple bankruptcy petitions and assisting his wife in doing the same in an effort to prevent the foreclosure of their residence.

Upon learning of respondent's suspension in Maryland, this court temporarily suspended respondent on August 14, 2001, pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board"). We lifted respondent's temporary suspension on October 11, 2001, following his reinstatement in Maryland.

The Board has now filed a report concluding that respondent violated Rules 4.4, 8.4(a), and 8.4(d) of the District of Columbia Rules of Professional Conduct,[1] and recommending that we impose identical reciprocal discipline. The Board further recommends that this suspension be imposed *nunc pro tunc* to July 19, 2001, the date of respondent's suspension in Maryland, because he timely filed the affidavits required by *In re Goldberg*, 460 A.2d 982, 984–85 (D.C.1983), and D.C. Bar R. XI, § 14(g).

---

1. Rule 4.4 prohibits a lawyer from "us[ing] means that have no substantial purpose other than to embarrass, delay, or burden a third person" in the course of representation. Pursuant to Rule 8.4(a), it is misconduct to "[v]iolate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another." Rule 8.4(d) prohibits a lawyer from "engag[ing] in conduct that seriously interferes with the administration of justice."

Both Bar Counsel and respondent have indicated that they do not take exception to the Board's recommendation.[2] Given our limited scope of review in uncontested disciplinary cases and the presumption in favor of identical reciprocal discipline, we adopt the Board's recommendation. *See In re Goldsborough*, 654 A.2d 1285 (D.C. 1995); *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992); D.C. Bar R. XI, § 11(f). Accordingly, it is

ORDERED that Gregory John Schwartz be suspended from the practice of law in the District of Columbia for the period of eighteen months, with all but sixty days stayed, *nunc pro tunc* to July 19, 2001.

*So ordered.*

---

2. Although not excepting, Bar Counsel states an objection to the Board's conclusion that due process principles preclude reciprocal discipline for violations of Rules 3.3 and 8.4(c). Because Bar Counsel did not file exceptions to the Board's report and recommendation, we do not address those concerns.