**In re Charles E. McCLAIN, Sr., Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 03–BG–285.

District of Columbia Court of Appeals.

Submitted June 22, 2004.

Decided Aug. 5, 2004.

Before STEADMAN, RUIZ and GLICKMAN, Associate Judges.

PER CURIAM:

Respondent Charles E. McClain Sr. wrote a check on a trust account in Maryland which reduced its balance to about $300 below the escrowed funds belonging to a third party. For this action, the Maryland Court of Appeals suspended respondent Charles E. McClain Sr. from the practice of law in that state for thirty days, effective March 26, 2003. The Board on Professional Responsibility ("Board") has recommended that respondent be reciprocally disciplined in the District of Columbia for six months. Neither respondent nor Bar Counsel takes exception to the Board's findings or recommendation. We

impose the six-month suspension recommended by the Board, but reject the recommended full nunc pro tunc application.[1]

■ "Respondent's failure to file an exception to the Board's report and recommendation acts as a concession that reciprocal discipline is warranted and that the Board's proposed sanction is appropriate. Our deference to the Board in such cases is not diminished by the fact that the sanction recommended by the Board is substantially different from the sanctions imposed by the [Maryland] Court." *In re Dixon*, 763 A.2d 730, 732 (D.C.2000) (citing *In re Goldsborough*, 654 A.2d 1285, 1287–88 (D.C.1995)); *see also* D.C. Bar R. XI, § 11(f). The Board found that the record did not support a finding that the misappropriation was either intentional or reckless, but concluded that the greater sanction of a six month suspension should be imposed here because respondent's established misconduct "warrants substantially different discipline in the District of Columbia." D.C. Bar Rule XI, § 11(c)(4). We have recognized that "a six-month suspension is a norm for negligent misappropriation of entrusted funds." *In re Fair*, 780 A.2d 1106, 1115 (D.C.2001); *see also In re Davenport*, 794 A.2d 602, 603 (D.C. 2002) ("When the Board finds that an attorney has commingled and negligently misappropriated funds, we have uniformly imposed a suspension for a period of no less than six months.") and cases cited therein. Accordingly, in the absence of any exceptions, we apply the added deference given in such situations to the Board's recommendation and accept it. *In*

*re Goldsborough, supra*, 654 A.2d at 1287–88.

Respondent self-reported his Maryland discipline to Bar Counsel. We entered an order on April 2, 2003, temporarily suspending respondent pending a recommendation on reciprocal discipline from the Board. When respondent was readmitted to the Maryland Bar, we lifted that temporary suspension on May 20, 2003, without prejudice to the imposition of final discipline. Respondent timely filed the affidavit required by D.C. Bar R. XI, § 14(g) following our suspension order. He also filed an amended affidavit meeting the requirements of *In re Goldberg*, 460 A.2d 982 (D.C.1983). Accordingly, the Board has recommended that "the suspension order run *nunc pro tunc* from March 26, 2003, the effective date of respondent's suspension in Maryland."

In *Goldberg*, we held that "a suspension imposed here in a reciprocal discipline proceeding could be imposed retroactively to the commencement of the suspension in the foreign jurisdiction 'if the attorney voluntarily refrains from practicing law in the District of Columbia during the period of suspension in the original jurisdiction,' as is often the case." *In re Slosberg*, 650 A.2d 1329, 1331 (D.C.1994) (quoting *Goldberg*, 460 A.2d at 985).[2] In *Goldberg*, the reciprocal discipline imposed in the District of Columbia was identical to that imposed in Maryland, the foreign jurisdiction, namely, a thirty-day suspension. The case before us differs, however, in that respondent's suspension here is for six months. To run the suspension entirely nunc pro tunc to March 26, 2003, would

---

1. After the matter was submitted, we issued an order inviting the parties, if they wished, to show cause why the sanction should not be imposed prospectively, but with credit for the period of actual suspension. No response was received either from respondent or Bar Counsel.

2. As we noted in *Slosberg*, the retroactive suspension may also be conditioned upon the attorney's having promptly notified Bar Counsel of the foreign suspension. 650 A.2d at 1331 n. 6.

mean that the suspension would not be running concurrently with any suspension actually in effect at the time, apart from the period from March 26, 2003, the beginning of the Maryland suspension, to May 20, 2003, when we lifted our temporary order of suspension. Essentially for the reasons discussed at some length in our recent opinion in *In re Soininen,* No. 03–BG–771, 853 A.2d 712 (D.C.2004), we conclude that respondent should be, and he hereby is, suspended from the practice of law in the District of Columbia for the period of six months, effective thirty days from the date of this order, with credit given against such suspension for the period of time between March 26, 2003 and May 20, 2003. Respondent's attention is drawn to the provisions of D.C. Bar R. XI, § 14 and § 16(g).

*So ordered.*