In re Stuart E. HENDIN, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 424723).

No. 02–BG–717.

District of Columbia Court of Appeals.

Submitted April 12, 2005.

Decided May 5, 2005.

Before RUIZ and WASHINGTON, Associate Judges, and STEADMAN, Senior Judge.

PER CURIAM:

This is a matter of reciprocal discipline based on the June 12, 2002, order of the New York State Supreme Court, Appellate Division, Third Judicial Department, which disbarred the respondent from practice as an attorney in the state of New York. The Board on Professional Responsibility recommends identical discipline, with the ef-

fective date of disbarment to run, *nunc pro tunc*, from the time he filed a complete § 14(g) affidavit. Neither respondent nor Bar Counsel has filed an exception to the Board's recommendation. Therefore, we adopt the recommendation of the Board. *See* D.C. Bar R. X, § 9(g).

This matter grows out of the respondent's professional misconduct committed in the course of his legal practice in Ottawa, Ontario, Canada, between February 1, 1998 and February 28, 2000. At that time, the respondent misappropriated approximately $108,000 from various clients. The respondent, who self-reported his misconduct to the Law Society of Upper Canada, cooperated fully with its investigator, and made full restitution of the misappropriated funds. He also was found to have been suffering from severe depression at the time. As a result, the Law Society, in its decision and order of September 18, 2001, permitted the respondent to resign, prohibiting him from thenceforth practicing law in that jurisdiction.

As a result of this misconduct and the disciplinary action in Canada (and apparently not due to any other misconduct in New York or elsewhere), the New York State Supreme Court, Appellate Division, Third Judicial Department issued an order dated June 12, 2002, in which it disbarred the respondent "effective immediately." According to the Board, the respondent never notified Bar Counsel of either the action taken against him in Canada or of his disbarment in New York, as he was required to do.[1] Instead, Bar Counsel forwarded to this court a certified copy of the New York order of disbarment, and we suspended respondent on July 15, 2002. The Board on Professional Responsibility

---

1. While the Board maintains that the respondent was not required to report the Canadian action against him because it was not, strictly speaking, imposed by a "disciplining court," the appellant was nevertheless obligated to report his disbarment by the New York court. *See* D.C. Bar R. XI, § 11(a)–(b).

also sent a letter to the respondent, dated July 2, 2002, informing him that he should "file an affidavit with the Board Office which meets the criteria of *In re Goldberg*, 460 A.2d 982 (D.C.1983)," stating whether he had practiced law in the District since the effective date of his disbarment in New York and whether he intended to continue to practice in the District during the remainder of that sanction. The respondent filed such an affidavit on July 25, 2002, stating that he had not practiced in the District of Columbia since February 1, 2000. He also filed a Rule XI, § 14(g) affidavit on that date, which listed only his state bar admissions.

In its Report, the Board recommended that the respondent's disbarment should be effective from July 25, 2002, the date on which he filed his initial Rule XI, § 14(g) affidavit, provided that he supplement it within ten days of the Board's Report, which was dated October 20, 2004, with an affidavit listing the federal jurisdictions to which he has been admitted to practice. Respondent filed a "Motion for Extension of Time to File Amended Affidavit," which was granted by the court on November 15, 2004.[2] Respondent filed the amended § 14(g) affidavit on November 29, 2004.[3]

Accordingly, it is

ORDERED, that Stuart E. Hendin is disbarred from the practice of law in the District of Columbia effective July 25, 2002.

---

2. The motion requested an extension to December 1, 2004. Bar Counsel did not oppose the motion. The Board indicated in a letter to respondent that it no longer had jurisdiction in the case since it had already filed its Report, and suggested that respondent deal directly with the court on the issue.

3. The Board maintained in its Report that the respondent's initial affidavit filed pursuant to D.C. Bar R. XI, § 14(g) was insufficient because he failed to list all the federal jurisdictions to which he was admitted to practice, namely, the United States District Court for the District of Columbia and the United States Supreme Court. In the new affidavit, filed November 29, 2004, respondent acknowl-

edges that he is admitted to the bar of the Supreme Court, but states that his failure to report this in his earlier affidavit was an oversight. He further states that the belief that he is admitted to the United States District Court for the District of Columbia is the result of a typographical error on his District of Columbia Bar Registration Statement, and that his attorney has confirmed with the clerk of the federal district court that he has never been a member of that bar. Having received no further representations to the contrary from Bar Counsel, we assume that the record of the respondent's bar memberships is now complete.