**In re Mark O. SOBO, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 463902).**

**No. 05–BG–473.**

District of Columbia Court of Appeals.

July 27, 2006.

Before FARRELL and REID, Associate Judges, and SCHWELB, Senior Judge.

PER CURIAM:

In this disciplinary proceeding against respondent Mark O. Sobo, a member of the Bar of the District of Columbia Court of Appeals, the Board on Professional Responsibility ("Board") has recommended to this court that reciprocal and functionally identical discipline be imposed in the form of a sixty-day suspension. No exceptions to the Board's Report and Recommendation have been filed.

On March 31, 2005, the Court of Appeals of Maryland reprimanded respondent for disciplinary violations based on a Joint Petition for Sixty–Day Suspension by Consent in which respondent acknowledged violating Maryland Rules 1.1 (failure to provide competent representation), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.16 (failure to protect client's interests following termination of representation), and 3.4(d) (failure to make a reasonably diligent effort to comply with a legally proper discovery request by an opposing party). The Court of Appeals also directed respondent to pay a former client the amount of $1,207.00 and to pay administrative fees of $75.00. *Attorney Grievance Comm'n of Maryland v. Sobo*, 386 Md. 1, 870 A.2d 1217 (2005). On May 17, 2005, Bar Counsel filed a certified copy of the order from the Court of Appeals of Maryland. On May 27, 2005, respondent filed affidavits purporting to satisfy *In re Goldberg*, 460 A.2d 982 (D.C.1983), and D.C. Bar R. XI, § 14(g). But these affidavits were not fully compliant since they were not notarized, the attachments did not constitute sufficient proof that respondent had complied fully with the rules regarding notice to clients, court, and opposing counsel, and since they did not clearly state whether he had provided clients with all their papers and property under D.C. Bar R. XI, § 14(d). On June 1, 2005, this court issued an order directing: 1) Bar Counsel to inform the Board of his position regarding reciprocal discipline within thirty days; 2) respondent to show cause why identical, greater, or lesser discipline should not be imposed; and 3) the Board either to recommend discipline or proceed de novo. Subsequently, after Bar Counsel advised respondent of the affidavits' deficiencies, he filed supplemental affidavits that were notarized, included two additional letters to clients and five proofs of return receipt mail, and noted a new withdrawal of appearance in a case he had believed was over. On June 18, 2005, Bar Counsel filed with this court and the Board a notice of non-filing stating that respondent's supplemental affidavit was also not compliant with D.C. Bar R. XI, § 14(g). Thereafter, Bar Counsel filed a statement recommending reciprocal identical discipline.[1] Respondent has filed no other supplemental affidavits nor state-

---

1. Maryland has affirmed that respondent has paid the $1,207.00 to his former client.

ments regarding the imposition of identical reciprocal discipline.

■ In its report and recommendation, the Board determined that respondent's misconduct in Maryland also violated the identical D.C. Rules of Professional Conduct, and stated that a sixty-day suspension is within the range of sanctions imposed for similar misconduct,[2] and recommended imposing the reciprocal discipline of a sixty-day suspension. In cases like this, where neither Bar Counsel nor the respondent opposes identical discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress*, 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998)). Here, there was no miscarriage of justice in the Maryland proceeding because respondent received notice of the proceeding and was represented by counsel when he consented to the sixty-day suspension and payment to a former client. A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg*, 612 A.2d 832, 834 (D.C. 1992)). The Board finds no basis for any exception set forth in D.C. Bar R. XI, § 11(c) to apply here. Finally, the Board notes that respondent has not corrected the deficiencies in his *Goldberg* and D.C. Bar R. XI, § 14(g) affidavits nor has he sought review of Bar Counsel's notice of non-filing; therefore, the Board recommends that the effective date of respondent's suspension begin, for purposes of reinstatement, from the time respondent files an affidavit fully compliant with D.C. Bar R. XI, § 14(g). *See in re Slosberg*, 650 A.2d 1329, 1331–33 (D.C.1994).

■ Since no exception has been taken to the Board's report and recommendation, the Court gives heightened deference to its recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we accept them, and adopt the sanction the Board recommended. Accordingly, it is

ORDERED that Mark O. Sobo is suspended from the practice of law in the District of Columbia for a period of sixty days, and for purposes of reinstatement, the time period shall begin to run from the date respondent files his affidavit as required by D.C. Bar R. XI, § 14(g). *See In re Slosberg, supra*, 650 A.2d at 1331–33.

*So ordered.*

---

**2.** *See, e.g., In re Douglass*, 859 A.2d 1069 (D.C.2004) (ninety-day suspension); *In re Per-*

*ez*, 828 A.2d 206 (D.C.2003) (sixty-day suspension); *In re Drew*, 693 A.2d 1127 (D.C.1997).