**In re Michael J. BEATTIE, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 450873).**

**No. 07–BG–197.**

District of Columbia Court of Appeals.

Submitted July 16, 2008.
Decided Sept. 11, 2008.

Before BLACKBURNE–RIGSBY, Associate Judge, and PRYOR and SCHWELB, Senior Judges.

PER CURIAM:

This is the second disciplinary matter involving respondent, Michael J. Beattie,

---

in the last year, *see In re Beattie*, 930 A.2d 972 (D.C.2007).[1] In August 2007, this court imposed the sanction recommended by the Board on Professional Responsibility ("Board"), concluding that respondent should receive reciprocal discipline of a sixty-day suspension.[2] However, based upon additional factors, the suspension was stayed in favor of a sixty-day period of unsupervised probation.[3] As a condition of probation, respondent was directed to inform Bar Counsel of any disciplinary complaint filed during the sixty-day period.

■ Respondent apparently completed his probationary period, but was subsequently cited for violating Rules 1.1 (competence), 1.3(a) (diligence), 1.4(a), (b) and (c) (communication), 3.4(e) (fairness to opposing party and counsel), 4.1(a) (truthfulness in statements to others), 5.1 (responsibilities of a partner or supervisory lawyer); and 8.4(c) (misconduct) of the Virginia Rules of Professional Conduct. These violations stemmed from two separate incidents in a case before the United States District Court for the Eastern District of Virginia. Respondent entered into a consent decree whereby he was suspended for six months with conditions,[4] but he failed to notify Bar Counsel

of this second suspension as required by D.C. Bar R. XI, § 11(b). After discovering the disciplinary action, Bar Counsel filed a certified copy of the order with this court and we suspended respondent from the practice of law pending final disposition of this proceeding. We also referred the matters to the Board to determine whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether the Board would elect to proceed *de novo* pursuant to D.C. Bar R. XI, § 11.

■ Before the Board issued an order concluding that reciprocal discipline should be imposed, respondent consented to the discipline provided the effective date for commencement is October 11, 2007, the date he complied with D.C. Bar R. XI, § 14(g). Bar Counsel did not file any exceptions. There is a rebuttable presumption that the sanction imposed by this court in a reciprocal discipline case will be identical to that imposed by the original disciplining court. *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992). This presumption is rebutted only if the respondent demonstrates, or the face of the record reveals, by clear and convincing evidence

1. Respondent is indefinitely suspended from the United States District Court for the Eastern District of Virginia.

2. Respondent entered into a stipulation in the Fairfax County Court in Virginia whereby he consented to violating Virginia Rules of Professional Conduct 3.3(a)(1) (false statement to a tribunal), 3.3(a)(4) (offer of evidence known to be false), 3.3(c) (failure to inform a tribunal of all material facts in an *ex parte* proceeding), and 3.5(f) (conduct intended to disrupt a tribunal) stemming from representing a client in an employment discrimination matter before the United States District Court for the Eastern District of Virginia, Newport News Division.

3. The Board reached its conclusion noting that respondent already observed two sixty-day suspension periods in the District of Co-

lumbia and issuance of a third sixty-day suspension would result in a "punishment far beyond that intended by the original state and far beyond the degree of discipline warranted." *In re Goldberg*, 460 A.2d 982, 985 (D.C. 1983).

4. According to the Virginia order, in the event respondent failed to comply with the terms of the order, he would receive an additional three-year suspension. The conditions included no further violations of the Virginia disciplinary rules for the three-year period following entry of the order, and once he resumes practice, respondent shall engage a practice consultant and comply with the recommendations of the consultant.

the existence of one of the conditions enumerated in D.C. Bar R. XI, § 11(c). *See* D.C. Bar R. XI, § 11(f). As this case does not present any basis to reduce the recommended sanction, and considering the heightened deference this court gives to the Board's recommendation in cases such as this where as here no exceptions are filed, *see In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997), we adopt the Board's recommendation. Accordingly, it is

ORDERED that Michael J. Beattie be, and hereby is, suspended for six months *nunc pro tunc* to October 11, 2007, followed by a three-year period of unsupervised probation, subject to the conditions imposed by the Virginia court in *Virginia State Bar v. Beattie,* Case No. CL2006–10927. Based upon those conditions, in the event respondent violates probation during this three-year period, the order shall be revoked and respondent suspended for a period of three years, unless the Virginia sanction is for a shorter period of time. Under that circumstance, respondent may receive an identical sanction to the Virginia sanction.

*So ordered.*