*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**No. 19-BG-15**

IN RE MARTIN F. MCMAHON

**2018 DDN 329**

A Member of the Bar of the
District of Columbia Court of Appeals

Bar Registration No. 196642

BEFORE:   Glickman and Fisher, Associate Judges, and Nebeker, Senior Judge.

**O R D E R**
(FILED – March 21, 2019)

On consideration of the certified order suspending respondent's right to practice law in the state of Virginia for a period of sixty days; this court's January 23, 2019, order suspending respondent pending resolution of this matter and directing him to show cause why reciprocal discipline should not be imposed; the response thereto requesting either a stay or retroactive imposition of the suspension; the statement of Disciplinary Counsel and respondent's reply thereto; respondent's D.C. Bar R. XI, §14 (g) affidavit and amended affidavit, jointly construed as meeting the requirement of *In re Goldberg*, 460 A.2d 982 (D.C. 1983);  it is

ORDERED that Martin F. McMahon is hereby suspended from the practice of law in the District of Columbia for a period of sixty days, *nunc pro tunc* to November 13, 2018. *See In re Sibley*, 990 A.2d 483 (D.C. 2010); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies unless one of the exceptions is established). To the extent respondent attempts to challenge the imposition of reciprocal discipline by relitigating the underlying findings and discipline imposed by the State of Virginia, such a challenge

is improper in reciprocal disciplinary proceedings and respondent was provided notice of the charges and an opportunity to respond in the originating jurisdiction. *See In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003) ("Put simply, reciprocal discipline proceedings are not a forum to reargue the foreign discipline.").


**PER CURIAM**