*Notice: This order is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 26-BG-0060**

IN RE ZACHARY SCOTT KESTER,
                    Respondent.
A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 1015050**                    **DDN: 2025-D175**

BEFORE:    Easterly and Shanker, Associate Judges, and Steadman, Senior Judge.

## O R D E R
(FILED – May 7, 2026)

On consideration of the published order from the Indiana Supreme Court suspending respondent from the practice of law for sixty days; this court's February 10, 2026, order suspending respondent pending final disposition of this proceeding and directing him to show cause why reciprocal discipline should not be imposed; the response thereto in which respondent consents to reciprocal discipline nunc pro tunc to the filing of his D.C. Bar R. XI, § 14(g) affidavit; and the statement of Disciplinary Counsel wherein it represents that respondent self-reported the Indiana discipline; and it appearing that respondent filed his § 14(g) affidavit on February 10, 2026, wherein he states that his Indiana suspension began on October 1, 2025, and that he has not practiced law in this jurisdiction since that date, it is

ORDERED that Zachary Scott Kester is hereby suspended from the practice of law in the District of Columbia for sixty days, nunc pro tunc to October 1, 2025. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Goldberg*, 460 A.2d 982, 985 (D.C. 1983) (per curiam) (holding that where an attorney promptly notifies Disciplinary Counsel of the foreign discipline and refrains from practicing law in the District during the

period of suspension in the original jurisdiction, reciprocal discipline may run concurrent with the original discipline).

**PER CURIAM**