*Notice: This order is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 26-BG-0059**

IN RE PETRO R. KOSTIV,
                    Respondent.
A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 1026580**          **DDN: 2025-D138**

BEFORE:   Beckwith, Easterly, and McLeese, Associate Judges.

## O R D E R
(FILED – May 28, 2026)

On consideration of the certified order from the Supreme Court of California suspending respondent from the practice of law for one year, stayed in favor of one year of probation including sixty days of active suspension; this court's February 10, 2026, order suspending respondent pending final disposition of this proceeding and directing him to show cause why reciprocal discipline should not be imposed; the response thereto in which respondent consents to reciprocal discipline nunc pro tunc to the date of his California suspension; and the statement of Disciplinary Counsel wherein he represents that respondent self-reported the California discipline; and it appearing that respondent filed his D.C. Bar. R. XI, § 14(g) affidavit on February 11, 2026, and an affidavit pursuant to *In re Goldberg*, 460 A.2d 982 (D.C. 1983) (per curiam), on February 17, 2026, wherein he states that his California suspension began on August 29, 2025, and that he has not practiced law in this jurisdiction since that date, it is

ORDERED that Petro R. Kostiv is hereby suspended from the practice of law in the District of Columbia for one year, stayed in favor of one year of probation to include sixty days of active suspension, nunc pro tunc to August 29, 2025. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Goldberg*, 460 A.2d at 985 (holding that where an attorney promptly notifies Disciplinary Counsel of the foreign discipline and

refrains from practicing law in the District during the period of suspension in the original jurisdiction, reciprocal discipline may run concurrent with the original discipline).

**PER CURIAM**