**In re Steven E. MIRSKY, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 03–BG–374.**

District of Columbia Court of Appeals.

Submitted Oct. 5, 2004.

Decided Oct. 21, 2004.

364

Before SCHWELB and
WASHINGTON, Associate Judges, and
NEBEKER, Senior Judge.

PER CURIAM:

In this disciplinary proceeding against respondent Steven E. Mirsky,[1] the Board on Professional Responsibility ("Board") has recommended to this court that reciprocal, but not identical, discipline be imposed in the form of a six-month suspension. No exceptions to the Board's Report and Recommendation have been filed.

On June 18, 2002, the Court of Appeals of Maryland ("Maryland Court") suspended respondent by consent[2] for a period of ninety days. On April 15, 2003, after receiving notice of this discipline, Bar Counsel notified this court. We suspended respondent pursuant to D.C. Bar R. XI, § 11(d) and directed the Board to recommend whether identical, greater, or lesser

discipline should be imposed as reciprocal discipline, or whether the Board wished to proceed *de novo.*

■ In its Report and Recommendation, the Board opted to propose reciprocal discipline and concluded that the record from the Maryland disciplinary proceeding supported a finding that the respondent negligently misappropriated client funds. The Board further found that negligent misappropriation of client funds warranted substantially different discipline from the ninety days imposed by the Maryland Court of Appeals. While there is a rebuttable presumption that in reciprocal discipline cases "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction," *In re Goldsborough,* 654 A.2d 1285, 1287 (D.C. 1995) (quoting *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992)), this court may impose a different sanction, if it determines: 1) the misconduct in question would not have resulted in the same punishment here as it did in the disciplining jurisdiction, and 2) the difference is substantial. *In re Sheridan,* 798 A.2d 516, 522 (D.C.2002)) (quoting *In re Krouner,* 748 A.2d 924, 928 (D.C. 2000) (quoting *In re Garner,* 576 A.2d 1356, 1357 (D.C.1990)); D.C. Bar R. XI, § 11(c)(4).

■ In this case, the Board has recommended that the respondent be suspend-

1. Respondent was admitted by motion to the D.C. Bar on March 28, 1978.

2. Respondent and the Attorney Grievance Commission of Maryland filed a joint petition for suspension of respondent by consent for ninety days, which acknowledged that sufficient evidence showed violations of Maryland Rules 16–604 (client funds required to be in a trust account), § 16–607 (commingling), § 16–609 (lawyer may not borrow any funds placed in client trust account), Business Occupations and Professions Article § 10–306 (misuse of *trust money)* and the Maryland Rules of Professional Conduct 1.3 (reasonable

diligence and promptness in representing client), 1.4(a) (keep client reasonably informed); 1.4(b) (explain matter to the extent reasonably necessary to client); 1.15(a) (keep property of clients connected with representation separate from lawyer's own property); 1.16(d) (upon termination, lawyer shall take reasonably practicable steps to protect client's interests); 8.4(b) (commit criminal act that reflects lawyer's honesty, trustworthiness or fitness); 8.4(c) (dishonest or fraudulent conduct); 8.4(d) (conduct prejudicial to the administration of justice).

ed for six months, as opposed to the ninety days imposed in Maryland. Such a sanction is consistent with the discipline usually meted out in this jurisdiction for negligent misappropriation. *See In re Berkowitz,* 702 A.2d 683, 684 (D.C.1997) (imposing a six-month suspension on respondent for negligent misappropriation after Maryland imposed a ninety-day suspension); *In re Davenport,* 794 A.2d 602, 603–04 (D.C.2002) (commingling and negligent misappropriation warrants a six-month suspension). Because no exception has been taken to the Board's Report and Recommendation, the court gives heightened deference to its recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we accept them, and adopt the sanction the Board has recommended because it is not inconsistent with discipline imposed in similar cases. Accordingly, it is

ORDERED that Steven E. Mirsky be suspended from the practice of law in the District of Columbia for six months. It is

FURTHER ORDERED that the suspension should commence from the time respondent files the affidavit required by D.C. Bar R. XI, § 14(g). *See In re Slosberg,* 650 A.2d 1329, 1331–33 (D.C.1994).

*So ordered.*