**In re Arthur J. FRANK, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 419575).**

No. 05–BG–581.

District of Columbia Court of Appeals.

Aug. 25, 2005.

Before SCHWELB and RUIZ, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

In this original disciplinary proceeding, respondent Arthur J. Frank, a member of the District of Columbia Bar, is charged with failing to maintain adequate funds in his client trust accounts in violation of Rule 1.15(a) of the District of Columbia Rules of Professional Conduct. The Board on Professional Responsibility ("Board") has recommended to this court that he be suspended from the practice of law for six months.

On April 2, 2004, Bar Counsel filed a specification of charges against respondent alleging that he had misappropriated a portion of settlement funds from a personal injury matter he had handled.[1] A hearing took place before Hearing Committee No. 2, and respondent admitted the misappropriation. On July 30, 2004, the Committee issued its Report and Recommendation. The Committee found that respondent had authorized withdrawals from his firm's trust accounts which resulted in insufficient funds. A majority of the Committee found that the misappropriation was the result of simple negligence and recommended a six-month suspension.

---

**1.** In violation of Rule 1.15(a).

The Board concurs and makes the same recommendation. Since no exception has been taken to its Report and Recommendation, we give it heightened deference. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). Moreover, there is substantial support in the record for the Board's findings, and we accept them. The recommended sanction is not inconsistent with discipline imposed in similar cases, and we adopt it.[2] Accordingly, it is

ORDERED that Arthur J. Frank be, and hereby is, suspended from the practice of law for six months. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g), and their effect on his eligibility for reinstatement. It is

*So ordered.*

---

**2.** *See In re Edwards,* 870 A.2d 90 (D.C.2005); *In re Davenport,* 794 A.2d 602 (D.C.2002).