**In re Jesus R. Romo VEJAR, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 416922).**

**No. 06–BG–10.**

District of Columbia Court of Appeals.

Decided Oct. 12, 2006.

Before: FARRELL and KRAMER, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

In this disciplinary proceeding against respondent, Jesus R. Romo Vejar,[1] the Board on Professional Responsibility ("Board") has recommended to this court that a substantially different reciprocal discipline of a six-month suspension be imposed. No exceptions to the Board's

1. Respondent was admitted to the D.C. Bar on December 30, 1988, and has no disciplinary history in this jurisdiction.

Report and Recommendation have been filed.

On November 18, 2004, the Supreme Court of Arizona publicly censured respondent and placed him on probation for one year, with terms,[2] for stipulated disciplinary violations of the Arizona Supreme Court Rules and Arizona Rules of Professional Conduct related to neglect, negligent misappropriation, commingling, and trust account violations.[3] *In re Jesus R. Romo Vejar*, Supreme Court of Arizona, No. SB–04–0145–D (November 18, 2004). The sanction arose from respondent's representation of a client in a personal injury matter and his subsequent handling of settlement proceeds, which included the negotiation of a lien payment to his client's insurance company. During the period when respondent held the funds in his trust account, he allowed some of those trust funds to be used for other reasons, thereby not preserving these funds at all times. On January 10, 2006, Bar Counsel filed a certified copy of the public censure with this court. On January 27, 2006, this court issued an order directing 1) Bar Counsel to inform the Board of his position regarding reciprocal discipline within thirty days, 2) respondent to show cause why identical, greater, or lesser discipline should not be imposed, and 3) the Board either to recommend discipline or proceed *de novo*. Bar Counsel recommended the substantially different reciprocal discipline of a six-month suspension. On March 15, 2006, respondent filed a brief requesting the Board to recommend the identical reciprocal discipline of a public censure and opposing Bar Counsel's recommendation.

▪ In its Report and Recommendation, the Board found that the record supported the imposition of substantially different discipline of a six-month suspension. *See* D.C.Bar. R. XI, § 11(f)(2). A two-step analysis applies to impose substantially different discipline. First, it is necessary to determine if the misconduct in question would not have resulted in the same punishment here as it did in the disciplining jurisdiction. Second, where the discipline imposed in this jurisdiction would be different from that of the disciplining court, it must be determined whether the difference is substantial. *See In re De Maio*, 893 A.2d 583, 587 (D.C.2006)(citing *In re Garner*, 576 A.2d 1356, 1357 (D.C.1990). The Board applied this test and explained that in this jurisdiction, the usual sanction for negligent misappropriation even with related violations is a six-month suspension. *See, e.g. In re Edwards*, 870 A.2d 90, 94 (D.C.2005); *In re Anderson*, 778 A.2d 330 (D.C.2001). The court has imposed a six-month suspension, even where the respondent presented the same type of strong mitigating factors present in this case. *See In re Davenport*, 794 A.2d 602, 603 (D.C.2002); *In re Chang*, 694 A.2d 877 (D.C.1997) (per curiam). Because the difference between a public censure and a six-month suspension is substantial, the Board found that an exception to the imposition of identical reciprocal discipline exists and that substantially different discipline of a six-month suspension is instead warranted. *See In re Mahoney*, 602 A.2d 128, 130 (D.C.1992).

▪ Neither Bar Counsel nor respondent has filed any exceptions to the Board's Report and Recommendation and

2. The terms required respondent to submit the trust account records of his office for audit and to refrain from violating the Rules of Professional Conduct or other rules of the Supreme Court of Arizona.

3. D.C. Rules of Professional Conduct have counterparts to the Arizona Rules of Professional Conduct, including 1.3(a) (diligence) and 1.3(c) (promptness) and 1.15 (safekeeping property).

in such cases we give great deference to the Board's recommendation. *See* D.C. Bar R. XI § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). Moreover, by failing to file any exceptions, respondent has effectively conceded that the proposed sanction is appropriate. *See In re Goldsborough,* 654 A.2d 1285, 1287–88 (D.C. 1995); D.C. Bar R. XI, § 11(f). As a six-month suspension is within the range of sanctions this court has imposed for similar misconduct, *see In re Davenport, supra,* 794 A.2d at 603, we hereby adopt the Board's recommendation. Accordingly, it is

ORDERED that Jesus R. Romo Vejar be suspended from the practice of law in the District of Columbia for the period of six months, effective thirty days from the date of this opinion. *See* D.C. Bar R. XI § 14(f). We direct respondent's attention to the requirements of D.C. Bar R. XI § 14(g) and § 16(c) and their effect on his eligibility for reinstatement.

*So ordered.*

