**In re Don AIMAR, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 284091).**

**No. 06–BG–537.**

District of Columbia Court of Appeals.

Decided June 14, 2007.

Before FARRELL and GLICKMAN, Associate Judges, and TERRY, Senior Judge.

PER CURIAM:

In this reciprocal disciplinary proceeding against respondent, Don Aimar,[1] the Board on Professional Responsibility ("Board") has recommended that we impose the reciprocal and identical discipline of a six-month and one-day suspension, with the suspension stayed pending a one-year term of probation subject to the conditions imposed by the Supreme Court of Nevada, and that the stayed suspension run *nunc pro tunc* from March 29, 2006, the effective date of the Nevada discipline. No exceptions to the Board's Report and Recommendation have been filed.

On March 29, 2006, the Supreme Court of Nevada suspended respondent for six months and one-day, with the suspension stayed pending a one-year probation with terms and with the provision that a public reprimand by the Nevada Disciplinary Board be issued if the probation is successfully completed. Respondent's suspension was based on a conditional guilty plea whereby he admitted to violating Nevada Supreme Court Rule 153 (diligence), 154 (communication), 165 (safekeeping of property), 166 (declining or terminating representation), 187 (responsibilities regarding nonlawyer assistants), and 189 (unauthorized practice of law)[2] and consented to the discipline subsequently imposed by the Supreme Court of Nevada. Respondent reported the Nevada discipline to Bar Counsel pursuant to D.C. Bar R. XI, § 11(b). Bar Counsel then filed a certified copy of the Supreme Court of Nevada's order with this court. On June 5, 2006, we directed the Board to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo*.

In its Report and Recommendation, the Board found that the record supported the imposition of reciprocal and identical discipline. In cases like this, where neither Bar Counsel nor the respondent opposes identical discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress*, 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998)). Here, there was no miscarriage of justice in the Nevada proceeding

---

1. Respondent was admitted to the D.C. Bar on October 29, 1979, but has been on inactive status for more than ten years.

2. These rules have counterparts in the D.C. Rules of Professional Conduct. *See* D.C. Rules of Professional Conduct 1.3 (diligence), 1.4 (communication), 1.15 (safekeeping of property), 1.16 (terminating representation), 5.3 (responsibilities for non-lawyer assistants) and 5.5 (unauthorized practice of law).

because respondent received notice of the proceeding, was represented by counsel when he entered his conditional guilty plea, and consented to the discipline.

 A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992)). Here, the six-month and one day suspension with the suspension stayed pending a one-year period of probation subject to the same terms imposed in Nevada is within the range of sanctions that would be imposed in this jurisdiction. *See, e.g., In re Mott,* 886 A.2d 535 (D.C.2005) (publicly censuring an attorney for commingling funds and record-keeping violations when respondent gave entrusted funds to a nonlawyer for delivery to the client); *In re Mirsky,* 860 A.2d 363 (D.C. 2004) (imposing a six-month suspension in reciprocal matter for misconduct including violations relating to trust accounts, diligence, communication, and dishonesty). Accordingly, the imposition of identical discipline is required even if this court would impose a different sanction if the case were prosecuted in the District of Columbia as an original matter. *See In re Sheridan,* 798 A.2d 516, 522 (D.C.2002); *In re Krouner,* 748 A.2d 924, 927 (D.C.2000). Further, the stayed suspension shall run concurrent to the Nevada discipline since respondent reported the discipline to Bar Counsel. *In re Goldberg,* 460 A.2d 982, 985 (D.C.1983).

Since no exception has been taken to the Board's Report and Recommendation, the court gives heightened deference to its recommendation. *See* D.C. Bar R. XI, § 11(f); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we accept them, and adopt the sanction the Board recommended. Accordingly, it is

ORDERED that Don Aimar is suspended from the practice of law in the District of Columbia for a period six months and one day, *nunc pro tunc,* from March 29, 2006, with the suspension stayed pending a one-year term of probation subject to the conditions imposed by the Supreme Court of Nevada. If Nevada issues a public reprimand at the end of probation, respondent shall report this to Bar Counsel pursuant to D.C. Bar R. XI, § 11(b).

*So ordered.*