*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 19-BG-61**

IN RE YOLANDA M. THOMPSON                    **2018 DDN 362**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Reg. No. 1005834**

BEFORE: Beckwith and McLeese, Associate Judges, and Nebeker, Senior Judge.

### O R D E R
(FILED – May 2, 2019)

On consideration of the certified order of the Court of Appeals of Maryland suspending respondent from the practice of law in the state of Maryland for a period of sixty days with reinstatement contingent on the completion of continuing legal education on the subject of trust accounts; the February 25, 2019, amended order of this court directing respondent to show cause why reciprocal discipline should not be imposed; the statement of Disciplinary Counsel requesting that this court impose a six-month suspension with reinstatement conditioned on the completion of a two-day Basic Training and Beyond course from the D.C. Bar's Practice Management Advisory Service as non-identical reciprocal discipline; and it appearing that respondent did not file a response to the court order or respond to Disciplinary Counsel's statement but did file the required D.C. Bar R. XI § 14(g) affidavit on April 18, 2019, it is

ORDERED that Yolanda Thompson is hereby suspended from the practice of law in the District of Columbia for a period of six months *nunc pro tunc* to April 18, 2019. Reinstatement is conditioned on the completion of the two-day Basic Training and Beyond Course conducted by the D.C. Practice Management Advisory Service. Disciplinary Counsel has established by clear and convincing evidence that the facts affirmed by the court in her Maryland disciplinary proceeding would result in a

substantially different discipline in this jurisdiction.  Respondent was found to have negligently misappropriated entrusted funds, commingled personal and entrusted funds, failed to keep adequate records, inadequately represented a client, and committed unauthorized practice of law.  In this jurisdiction, negligent misappropriation of entrusted funds would require a six-month suspension and the completion of continuing legal education.  Therefore, we find that Disciplinary Counsel has met the requirement of D.C. Bar R. § 11 (c)(4).  *See In re Mirsky*, 860 A.2d 363 (D.C. 2004) (imposing substantially different discipline of a six-month suspension for negligent misappropriation found by the state of Maryland).

**PER CURIAM**