In re A. George GLASCO, Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 97–BG–1453.**

District of Columbia Court of Appeals.

Argued Feb. 3, 1999.
Decided March 25, 1999.

---

Michael S. Frisch, Senior Assistant Bar Counsel, with whom Leonard H. Becker, Bar Counsel, was on the brief, for the Office of Bar Counsel.

Elizabeth J. Branda, Executive Attorney, for the Board on Professional Responsibility.

A. George Glasco, pro se.

Before WAGNER, Chief Judge, and REID, Associate Judge, and KERN, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility (the Board) recommends that respondent A. George Glasco, admitted to the Bar of the District of Columbia in June 1975, be disbarred *nunc pro tunc* to August 12, 1992. The record reflects that this was the date upon which the Supreme Court of California had disbarred him for having been tried and convicted in California of grand theft and related charges.[1] The California Supreme Court has since then reinstated the respondent to its bar.

The Board concluded that disbarment is the appropriate sanction in this case because under the circumstances here "identical reciprocal discipline should be imposed." D.C. Bar R. XI, § 11(c); *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992). Also the Board, citing to *In re Goldberg*, 460 A.2d 982 (D.C. 1983), recommends that respondent's disbarment be made effective *nunc pro tunc* to the date of the California Supreme Court's disbarment order. *See also In re Gardner*, 650

A.2d 693 (D.C.1994) (reciprocal discipline imposed *nunc pro tunc*).

The Office of Bar Counsel (Bar Counsel) noted an exception to the Board's recommendation only "with respect to the timing of respondent's reciprocal disbarment," arguing that "the effective date of respondent's suspension should commence on the date he was suspended in this jurisdiction."[2]

The position of Bar Counsel is as follows:

The record establishes that Respondent failed to advise disciplinary authorities in the District of Columbia in a *timely* manner either of his conviction in 1986 [in California] or of his disbarment [in California] in 1992. Rather, Respondent so advised this jurisdiction only after his reinstatement in California some five years later, in 1997. Accordingly, the effective date of his reciprocal disbarment here should commence September 18, 1997, the date of the Court's order of interim suspension [rather than the date of his California disbarment, August 12, 1992]. [Emphasis added .]

Bar Counsel argues that the Board's recommendation in the instant case, if adopted by this court, "effectively would reward Respondent for his failure to notify this jurisdiction of either his criminal conviction or his disbarment" and "denigrates" the important policy of encouraging "attorneys to honor their obligation to notify this jurisdiction of sanctions imposed by foreign disciplining courts."

We concluded in *In re Goldberg, supra,* 460 A.2d at 985, that the concurrence of reciprocal suspension "will be the norm." However, this court also provided: "Whether a particular suspension should be concurrent will depend to a considerable extent on the actions of the attorney involved." *Id.*

The Board in its Report noted and set forth the "extraordinary strides [of respon-

---

1. In 1985, respondent was convicted of four felony counts of grand theft (CAL. PENAL CODE § 487), one felony count of conspiracy to commit grand theft (CAL. PENAL CODE § 182), and one misdemeanor count of engaging in business as an escrow agent without a license (CAL. FIN. CODE § 17214). On April 2, 1986, respondent was suspended from the practice of law by the Su-

preme Court of California, pending final disposition of his criminal case. He was ultimately disbarred on August 12, 1992.

2. This court suspended respondent on September 18, 1997, after being advised some five years later of the California disciplinary proceedings.

dent] towards rehabilitating his reputation and his career," as well as the fact that "Respondent has *never* practiced in this jurisdiction, and did *not practice anywhere* after his suspension in 1986 until his reinstatement in California in February of 1997." (Emphasis added.) The Board also noted that the respondent brought his discipline to the attention of Bar Counsel and filed the affidavits required by and pursuant to D.C. Bar R. XI, § 14(g).

Finally, in making its recommendation, the Board sought to avoid the unduly harsh result that would occur if disbarment were to be prospective in this case. As the Board points out in its brief, prospective disbarment would mean that respondent could not petition for reinstatement until 2002—sixteen years after his suspension and ten years after his disbarment in California, even though he has refrained from the practice of law in the District for the past twenty-three years.[3]

The Board appears in our view to be mindful of the need to remain vigilant in making certain that attorneys disciplined elsewhere "promptly" notify Bar Counsel and refrain from practicing law in this jurisdiction. Thus, the Board states:

> While Bar Counsel is correct that sound policy reasons support encouraging attorneys to notify this jurisdiction of foreign sanctions, according retroactive effect to Respondent's disbarment should not have a detrimental effect on this policy goal. Respondent was solely responsible for bringing his conviction and disbarment to Bar Counsel's attention; although the notice was filed late, Respondent stated that he believed the notice had been provided earlier by the California State Bar, and he

did not exploit the lack of notice by using his District of Columbia license to practice. For these and the other unique circumstances presented by this case, it will have, as the Board noted, limited precedential value.

We are persuaded that the Board's recommendation should be adopted under the unique circumstances of this case and upon the assertion by the Board that the recommendation in its Report here neither contravenes nor undermines the policy of Bar Rule XI.[4]

Accordingly, respondent is disbarred, effective *nunc pro tunc* to August 12, 1992.

*So ordered.*

---

**3.** We note that respondent in order to obtain reinstatement to the District of Columbia Bar is obliged to present an appropriate petition for reinstatement, undergo examination by the Hearing Committee of the Board, and ultimate review by the Board as to his fitness to practice law in the District of Columbia.

**4.** We note that in *In re Dobson*, 653 A.2d 871, 872 (D.C.1995), cited to us by Bar Counsel, the attorney being disciplined had "not participated in any manner ... in this proceeding at any level [and] had three times previously been the subject of disciplinary proceedings," all in contrast to

respondent's action in the instant case. The respondent in *In re Mirrer*, 632 A.2d 117 (D.C. 1993), also cited to us by Bar Counsel, sought and was granted admission to the District of Columbia Bar without revealing that he was *then* under indictment in New York for a crime involving moral turpitude despite D.C. Bar R. XI, § 11(b) which required that he inform the District of Columbia Bar Counsel of such pending bar proceeding. Here, respondent did assume responsibility himself for bringing to Bar Counsel's attention his conviction in California, albeit after some passage of time.