[885 NYS2d 592]

In the Matter of MENACHEM E. LIFSHITZ, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 1, 2009

#### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Elisabeth A. Palladino* of counsel), for petitioner.

*Brafman & Associates, P.C.* (*Benjamin Brafman* of counsel), for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Menachem E. Lifshitz was admitted by the Second Judicial Department to the practice of law in the State

of New York on September 26, 1990. At all times relevant herein respondent maintained an office for the practice of law within the First Judicial Department.

On November 20, 2008, pursuant to a plea agreement with the District Attorney of New York County, respondent pleaded guilty to one count of filing a false personal income tax return in violation of Tax Law § 1804 (b), a class E felony. In his allocution, respondent admitted that he had falsely understated his income tax liabilities by more than $1,500 on his New York State personal income tax return for the tax year 2005. Respondent explained that he had done this by falsely detailing the income realized from his law practice in New York County.

Pursuant to the plea agreement, respondent was sentenced to a conditional discharge. He also agreed to pay $442,827 to the New York State Department of Taxation and Finance related to the underpayment of his 2005 income tax liability. In addition, he agreed to pay $4,750,000 to the District Attorney, $250,000 of which was to cover the costs of the investigation and the remainder of which was in lieu of fines and forfeitures.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) on the ground that he was automatically disbarred upon his conviction of a felony. Respondent has not answered the motion.

In view of respondent's conviction of a criminal offense classified as a felony under the law of this state (see Judiciary Law § 90 [4] [e]), he ceased to be an attorney upon his conviction by operation of law pursuant to Judiciary Law § 90 (4) (b) (see e.g. Matter of Roswick, 11 AD3d 166 [2004]; Matter of Rivers, 165 AD2d 649 [1991]).

Accordingly, the Committee's petition should be granted, and respondent's name stricken from the roll of attorneys in the State of New York pursuant to Judiciary Law § 90 (4) (b), effective nunc pro tunc to November 20, 2008, the date the judgment of conviction was rendered.

GONZALEZ, P.J., TOM, FRIEDMAN, SWEENY and BUCKLEY, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to November 20, 2008.