[913 NYS2d 917]

In the Matter of RAPHAEL H. GOLB (Admitted as RAPHAEL HAIM GOLB), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 13, 2011

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Ronald L. Kuby,* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Raphael H. Golb was admitted to the practice of law in the State of New York by the First Judicial Department on November 25, 1996 under the name Raphael Haim Golb. At all times relevant herein, respondent has maintained his principal place of business within the First Judicial Department.

On September 30, 2010, in Supreme Court, New York County, respondent was convicted, after a jury trial, of identity theft in the second degree (two counts) in violation of Penal Law § 190.79 (3), a class E felony; criminal impersonation in the second degree (14 counts) in violation of Penal Law § 190.25 (1), a class A misdemeanor; forgery in the third degree (10 counts) in violation of Penal Law § 170.05, a class A misdemeanor; aggravated harassment in the second degree (three counts) in violation of Penal Law § 240.30 (1) (a), a class A misdemeanor; and unauthorized use of a computer (one count) in violation of Penal Law § 156.05, a class A misdemeanor. Respondent's conviction arose from his use of fictitious e-mail aliases to engage in a campaign using the Internet to intimidate and harass five Dead Sea Scrolls scholars who differed with his view on the ancient texts, which was greatly influenced by his father's well-renowned scholarship on the subject.

On November 18, 2010, respondent was sentenced to a prison term of six months and probation for a period of five years.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), upon the ground that he was automatically disbarred upon his conviction of a felony. Respondent's counsel has submitted a letter dated December 1, 2010, conceding that disbarment is automatic "under the circumstances," and, therefore, he takes no position on the petition.

In view of respondent's conviction of a criminal offense classified as a felony under the law of this state (see Judiciary Law § 90 [4] [e]), he ceased to be an attorney upon his conviction by operation of law pursuant to Judiciary Law § 90 (4) (b) (see e.g. Matter of Lifshitz, 69 AD3d 8 [2009]; Matter of Lee, 25 AD3d 51 [2005]).

Accordingly, the Committee's petition should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (b), effective nunc pro tunc to September 30, 2010.

GONZALEZ, P.J., MAZZARELLI, SWEENY, RICHTER and MANZANET-DANIELS, JJ., concur.

Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to September 30, 2010.