*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 16-BG-704

IN RE MENACHEM E. LIFSHITZ,
RESPONDENT.

FILED 2/23/17
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 428625)

On Report and Recommendation
of the Board on Professional Responsibility
(BDN-214-16)

(Submitted February 1, 2017                    Decided February 23, 2017)

Before FISHER and EASTERLY, *Associate Judges*, and REID, *Senior Judge*.

PER CURIAM: In response to this court's show cause order as to why he should not be disbarred in this reciprocal discipline matter, respondent Menachem E. Lifshitz requested that his sanction be less severe, and that at any rate, the sanction be effective *nunc pro tunc* to November 20, 2008, the effective date of his disbarment in the State of New York. Pursuant to D.C. Bar R. XI, § 11 (d), Disciplinary Counsel recommends disbarment, to run *nunc pro tunc* to July 28, 2016, the date of Mr. Lifshitz's interim suspension

in this jurisdiction.  For the reasons stated below, Mr. Lifshitz is disbarred, effective *nunc pro tunc* to November 20, 2008.

## FACTUAL SUMMARY

Mr. Lifshitz pleaded guilty to one count of filing a false personal tax return in violation of N.Y. Tax Law § 1804 (b) and accordingly notified the New York Clerk of the Court of his resignation on November 20, 2008.  Mr. Lifshitz was disbarred on October 1, 2009, effective *nunc pro tunc* to November 20, 2008, the date of his conviction.[1]

Mr. Lifshitz was admitted to the District of Columbia Bar on May 24, 1991, but he never practiced in the District of Columbia at any point during his career.  He did not immediately self-report his New York disbarment to the District of Columbia's Disciplinary Counsel.  However, he stopped

---

[1] The New York State Supreme Court, Appellate Division, First Department, determined that Mr. Lifshitz "falsely understated his income tax liabilities by more than $1,500 on his New York State Personal Income Tax Return for 2005."  At the time of his guilty plea, he agreed to pay $442,827 to the New York State Department of Tax and Finance, and $4,750,000 to the New York District Attorney, a sum which covered the costs of investigation and a payment in lieu of fines and forfeitures.  *In re Lifshitz*, 885 N.Y.S.2d 592 (N.Y. App. Div. 2009).

paying his dues in 2009, and he was administratively suspended in this jurisdiction on October 1, 2009. He notified Disciplinary Counsel of his conviction and New York disbarment in January 2016—when he sought reinstatement in New York. This court suspended Mr. Lifshitz on July 28, 2016, pursuant to D.C. Bar R. XI, § 11 (d), and ordered him to show cause as to why reciprocal discipline should not apply in his case—as well as indicating that he should file an affidavit pursuant to D.C. Bar R. XI, § 14 (g). Mr. Lifshitz filed his 14 (g) affidavit and an affidavit pursuant to *In re Goldberg*, 460 A.2d 982 (D.C. 1982), on August 12, 2016.

In September 2016, a hearing panel of the New York Disciplinary Committee recommended to the New York State Supreme Court, Appellate Division, that Mr. Lifshitz's petition for reinstatement be granted. The hearing panel took into consideration Mr. Lifshitz's failure to immediately self-report his New York disbarment to the District's Disciplinary Counsel. The panel determined that his "stated reasons for failing to notify [this jurisdiction] of his conviction and disbarment are credible[,]" and the panel concluded that his "conduct was clearly unintentional."

**ANALYSIS**

*Reciprocal Discipline*

D.C. Bar R. XI, § 11 (c), governing reciprocal discipline establishes a default rule requiring this court to impose the same discipline as the original disciplining jurisdiction unless the attorney establishes by clear and convincing evidence that his or her case falls within one of five stated exceptions; we interpret these exceptions narrowly. *See In re Katz*, 150 A.3d 778, 780 (D.C. 2016) (citing *In re Chaganti*, 144 A.3d 20, 23 (D.C. 2016)).[2] Mr. Lifshitz has invoked only the § 11 (c)(3) exception which provides that: "The imposition of the same discipline by [this] [c]ourt would result in grave injustice."

Mr. Lifshitz argues that reciprocal discipline in his case would be a "grave injustice" because if he were disbarred, then he would have to wait until 2021—thirteen years after his initial disbarment in New York—to

---

[2] This court previously has said that D.C. Bar R. XI, § 11 (c) establishes a "rebuttable presumption," *but see Chaganti*, *supra*, 144 A.3d at 23 n.3 ("it seems more accurate to say that [§ 11 (c)] sets forth a [default] rule subject to [narrow] exceptions").

apply for reinstatement in the District of Columbia. We have previously held that when, as here, an attorney has never practiced, has no clients, and no intent to practice in the future in the District of Columbia, assertions of "grave injustice" regarding the reciprocal discipline doctrine are "largely meritless." *In re Fuchs*, 905 A.2d 160, 164 (D.C. 2006) ("This argument is largely meritless as respondent argues grave injustice and then stipulates that he has never practiced in the District of Columbia, has no relationship with any counsel in the District of Columbia, has no clients or office in the District of Columbia and has no plans to practice law in the District of Columbia."). Accordingly, the grave injustice exception does not apply in Mr. Lifshitz's case, and thus, we impose reciprocal discipline.

### *Disbarment*

Mr. Lifshitz argues that his disbarment in the District of Columbia should run retroactively from the effective date of disbarment in New York, that is, November 20, 2008. Pursuant to *In re Goldberg*, *supra*, it is generally the norm that reciprocal discipline runs concurrently with the original disbarment. 460 A.2d at 985. However, it is required that an

attorney promptly notify Disciplinary Counsel after disbarment and refrain from practicing law in the District of Columbia. *See id.*

Mr. Lifshitz did not promptly notify Disciplinary Counsel. However, he analogizes his case with that of *In re Glasco*, 726 A.2d 680 (D.C. 1999). In *Glasco*, the respondent did not notify the District of Columbia of his disbarment until he was already reinstated in the foreign jurisdiction. *Id.* at 681. The respondent had never practiced in the District of Columbia and did not do so during his suspended time. *Id.* Although, as here, Disciplinary Counsel opposed retroactive application in *In re Glasco*, this court held that respondent's discipline would be applied retroactively despite his failure to promptly notify Disciplinary Counsel. *Id.* at 681-82. The court reasoned that, as in this case, the respondent in *In re Glasco* never practiced in the District and that he took "extraordinary strides towards rehabilitating his reputation and career." *Id.* at 682. Moreover, the court recognized the "harsh result that would occur" because "respondent could not petition for reinstatement until . . . sixteen years after his [original suspension]." *Id.*

"Whether a particular suspension should be concurrent will depend to a considerable extent on the actions of the attorney involved." *Id.* at 682

(quoting *In re Goldberg*, *supra*, 460 A.2d at 985). Similar to the respondent in *In re Glasco*, Mr. Lifshitz never practiced in the District of Columbia and thus his failure to report was not a calculated feat designed to illegally practice in the District. Indeed, as he indicates, in October 2009 he was administratively suspended from the practice of law due to his nonpayment of dues. Moreover, the New York Departmental Disciplinary Committee, which was aware of this disciplinary matter in the District of Columbia, concluded that Mr. Lifshitz "has demonstrated that he possesses the requisite character and general fitness to practice law." That Committee stressed Mr. Lifshitz's moral transformation and newfound goals to set up a pro bono practice.[3]

Accordingly, Mr. Lifshitz is disbarred, effective *nunc pro tunc* to November 20, 2008.

*So ordered.*

---

[3] To be reinstated to the District of Columbia Bar, Mr. Lifshitz is required to file an appropriate petition for reinstatement with the Board. Mr. Lifshitz may petition for readmission to the bar in this jurisdiction immediately because it has been more than five years since the effective date of his disbarment. The criteria and the process for reinstatement in contested petitions are set forth in D.C. Bar R. XI, § 16 (d).